UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY ROBISON | CIVIL ACTION |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| GREEN TREE SERVICING, LLC. | |
| Defendant. | |

## COMPLAINT FOR RELIEF

Now Comes the Plaintiff, TOMMY ROBISON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, GREEN TREE SERVICING, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action as a consumer to secure redress from unlawful credit and collection practices engaged in by Defendant. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

## JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to the FDCPA, TCPA, and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 47 U.S.C. §227 (TCPA), 28 U.S.C. §§1331, 1337, as the actions arise under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant does business in this District and Defendant's collection communications and practices impacted Plaintiff within this District.

## PARTIES

4. Plaintiff is natural person residing at 684 Catalpia Lane, Bartlett, Illinois 60103.

5. Plaintiff is a "consumer," as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a limited liability corporation with its principal office located at 345 St. Peter Street, Suite 300, St. Paul, Minnesota 55102. Defendant does or transacts business in Illinois. Its registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

7. According to Defendant's website, Defendant is "one of the country's leading servicers of home loans." *See* www.gtservicing.com (last visited September 18, 2013), https://www.gtservicing.com/index.html. Among other loans, Defendant acquires servicing rights to loans that are in default.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSES OF ACTION

9. In April 2006, Plaintiff obtained a residential mortgage loan, account number ending in 0429, secured by real property located at 61 South Clifton Avenue, Elgin, Illinois 60123 ("subject property") from Bank of America, N.A. ("B of A").

10. Plaintiff also obtained a second mortgage loan, account number ending in 6585, secured by the subject property, to which Defendant acquired servicing rights at some point in time.

11. In June 2011, Plaintiff ceased making payments on both mortgages (collectively "subject debt").

12. Subsequent to the date on which Plaintiff defaulted on the subject debt, B of A assigned its rights under the subject debt to Defendant.

13. On December 8, 2011, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 11-49448, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

14. The subject debt was duly scheduled in Plaintiff's bankruptcy petition. *See* Exhibit A attached hereto is a true and correct copy of Schedule D of Plaintiff's bankruptcy petition.

15. On or about December 12, 2011, Defendant filed a motion to lift the automatic stay in order to proceed with foreclosure to enforce its lien on the subject property[1]. *See* Exhibit B attached hereto is a true and correct copy of Defendant's Motion to Modify the Automatic Stay.

16. On or about December 24, 2011, the Bankruptcy Noticing Center ("BNC") provided Defendant with notice of the Plaintiff's bankruptcy filing. *See* Exhibit C attached hereto is a true and correct copy of the BNC Certificate of Notice establishing service upon Defendant.

17. The bankruptcy notice also provided Defendant with the name and address of Plaintiff's counsel and expressly stated that "contacting the debtor by phone" was prohibited by the Bankruptcy Code. *Id*.

18. The meeting of creditors was held on January 24, 2012 at 505 N. County Farm Road, Room 2017, Wheaton, Illinois 60187.

19. A representative of Defendant was not present at the 341 meeting of creditors.

---

[1] It is important to note that Defendant actively participated in Plaintiff's bankruptcy proceeding and thus undoubtedly had knowledge that the Plaintiff filed bankruptcy.

20. On March 26, 2012, Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. §524, thus discharging the subject debt.

21. On March 26, 2012, the BNC provided Defendant with notice of the Chapter 7 Discharge Order ("Discharge Order"). *See* Exhibit D attached hereto is a true and correct copy the BNC Certificate of Notice establishing service of the Chapter 7 Discharge Order upon Defendant.

22. The Discharge Order also expressly stated that "a creditor is not permitted to contact a debtor by mail, phone … to collect a discharged debt from the debtor." *Id.*

23. Plaintiff did not reaffirm the subject debt in his bankruptcy petition, but rather stated an intent to surrender the subject property securing the subject debt. *See* Exhibit E attached hereto is a true and correct copy of Plaintiff's statement of intent filed with the Bankruptcy Court.

24. Defendant serviced the subject debt at the time Plaintiff filed bankruptcy, throughout his bankruptcy proceeding, and after his bankruptcy discharge.

25. Shortly after Plaintiff filed bankruptcy, Defendant started calling Plaintiff on his cell phone to collect on the subject debt.

26. Upon information and belief, Defendant used an automatic telephone dialing system to make the calls.

27. In total, Plaintiff received over 200 calls from a representative of Defendant seeking to collect upon the subject debt.

28. Defendant's calls began before Plaintiff received his Chapter 7 discharge, in March 2012 and continued through September 2012.

29. Defendant's calls to collect on the subject debt were not limited to Plaintiff's cell phone. Defendant also called Plaintiff's home phone, Melissa Waxler's ("Melissa"), Plaintiff's girlfriend's home and cell phones, and Melissa's father's, Colm McCarthy's ('Colm') cell phone.

30. Defendant called from the numbers (651) 783-4523, (651) 261-9641, (651) 260-2359, and (651) 271-3725, (540) 654-5660, (508) 475-1364, (540) 654-5674, (540) 654-5118, (540) 954-5129, (540) 654-5138, (540) 654-5666, (480) 383-2290, (480) 422-2290, (402) 715-5372, (440) 853-5194, among others.

31. When Defendant called, it would advise Plaintiff, Melissa, and Colm that Plaintiff needed to pay the outstanding bill on the subject debt.

32. Defendant even suggested that the Plaintiff set up auto-pay to pay the "past-due" balance on the subject debt.

33. Plaintiff did not pick up all of Defendant's phone calls, but did answer the phone on many occasions. When Plaintiff did answer, he repeatedly advised Defendant that he was not liable for the subject debt due to his bankruptcy and that he did not want to receive any more collection calls.

34. Despite Plaintiff's requests, and multiple notices of the bankruptcy, Defendant continued to call seeking to collect the discharged debt.

35. Defendant called the following dates and times, and either Plaintiff, Melissa, or Colm answered the phone. This list does not include the calls to Plaintiff's cell phone that he did not answer.

    a) Call to Melissa's Home Phone on March 28, 2011 at 7:46 a.m.;

    b) Call to Melissa's Cell Phone on July 18, 2011 at 10:27 a.m.;

    c) Call to Melissa's Cell Phone on July 20, 2011 at 8:05 a.m.;

    d) Call to Melissa's Cell Phone on August 9, 2011 at 11:16 a.m.;

    e) Calls to Melissa's Cell Phone on August 10, 2011 at 10:58 a.m., 11:21 a.m., and 4:36 p.m.;

f) Call to Melissa's Cell Phone on August 16, 2011 at 12:30 p.m.;

g) Call to Melissa's Cell Phone on August 17, 2011 at 10:41 a.m.;

h) Calls to Melissa's Cell Phone on August 18, 2011 at 12:28 p.m. and 1:39 p.m.;

i) Call to Melissa's Cell Phone on August 27, 2011 at 9:57 a.m.;

j) Call to Colm's Cell Phone on September 9, 2011 at 4:42 p.m.;

k) Call to Colm's Cell Phone on September 12, 2011 at 2:45 p.m.;

l) Call to Colm's Home Phone on October 4, 2011 at 8:36 p.m.;

m) Call to Colm's Home Phone on October 4, 2011 at 8:46 p.m.;

n) Call to Colm's Cell Phone on October 9, 2011 at 7:13 p.m. (This call lasted 15 minutes. Defendant asked Colm if he knew Plaintiff and stated that Plaintiff was in default on his account. Colm stated that he could not give information about Plaintiff and told Defendant never to call him again with regards to Plaintiff;

o) Call to Melissa's Cell Phone on October 28, 2011 at 5:49 p.m.;

p) Calls to Melissa's Cell Phone on October 29, 2011 at 12:31 p.m., 1:01 p.m., and 7:02 p.m.;

q) Call to Melissa's Cell Phone on November 2, 2011 at 5:57 p.m.;

r) Call to Colm's Cell Phone on November 29, 2011 at 4:56 p.m.;

s) Call to Colm's Cell Phone on December 27, 2011 at 7:49 p.m.;

t) Call to Colm's Cell Phone on December 28, 2011 at 6:00 p.m.;

u) Call to Colm's Cell Phone on January 2, 2012 at 1:24 p.m.;

v) Call to Colm's Cell Phone on January 2, 2012 at 6:39 p.m.;

w) Call to Melissa's Cell Phone on January 8, 2012 at 12:44 p.m. (13 minutes);

x) Call to Melissa's Cell Phone on January 9, 2012 at 6:16 pm. (21 minutes);

y) Call to Colm's Cell Phone on January 31, 2012 at 11:09 a.m.;

z) Call to Colm's Cell Phone on February 13, 2012 at 7:01 p.m.;

    aa) Call to Colm's Cell Phone on February 19, 2012 at 12:00 p.m.;

    bb) Call to Colm's Cell Phone on February 29, 2012 at 6:52 p.m.;

    cc) Call to Melissa's Cell Phone on March 19, 2012 at 12:02 p.m.;

    dd) Call to Colm's Cell Phone on April 6, 2012 at 1:07 p.m.;

    ee) Call to Melissa's Cell Phone on April 17, 2012 at 8:03 p.m.;

    ff) Call to Colm's Cell Phone on April 26, 2012 at 2:42 p.m.;

    gg) Call to Melissa's Cell Phone on May 7, 2012 at 7:34 p.m.;

    hh) Call to Colm's Cell Phone on May 10, 2012 at 3:03 p.m.;

    ii) Call to Melissa's Cell Phone on May 12, 2012 at 9:13 p.m.;

    jj) Call to Melissa's Cell Phone on June 21, 2012 at 8:55 p.m.;

    kk) Call to Colm's Cell Phone on July 5, 2012 at 4:10 p.m.;

    ll) Call to Melissa's Cell Phone on July 12, 2012 at 7:21 p.m.;

    mm) Call to Melissa's Cell Phone on July 13, 2012 at 5:30 p.m.;

    nn) Call to Melissa's Cell Phone on July 31, 2012 at 10:27 a.m.;

    oo) Call to Plaintiff's Cell Phone on August 30, 2012 at 9:16 a.m.;

    pp) Call to Plaintiff's Cell Phone on August 31, 2012 at 9:52 a.m.;

    qq) Call to Plaintiff's Cell Phone on September 4, 2012 at 9:29 a.m.;

    rr) Call to Mellissa's Cell Phone on September 19, 2012 at 5:21 p.m.

36. Frustrated with the violations of his rights and protections afforded by virtue of his Chapter 7 discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's abusive collection efforts ceased.

37. Plaintiff has expended numerous hours consulting with his attorneys as a result of Defendant's deceptive collection actions.

38. Plaintiff was unduly inconvenienced and mercilessly harassed by Defendant's unlawful attempts to collect a debt that was not owed at the time of demand.

39. Plaintiff's life was severely disrupted by Defendant's unlawful attempts to collect a debt that was not owed at the time of the demand.

40. Plaintiff was severely humiliated by Defendant's unlawful contact of his girlfriend and girlfriend's father as Defendant represented Plaintiff as deadbeat that is incapable of paying his bills.

41. Plaintiff suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated 15 U.S.C. §§1692b(2) and (3) and §1692c(b) when it communicated to third parties Melissa and Colm that Plaintiff was in default on his mortgage.

44. Defendant violated 15 U.S.C. §1692b(6) when it contacted Melissa and Colm with knowledge that Plaintiff was represented by an attorney. [2]

45. Defendant violated 15 U.S.C. §1692c(a)(2) when it sent demands for payment to a consumer it knows to be represented by an attorney.

46. Defendant violated 15 U.S.C. §1692c(c) when it continued its collection efforts notwithstanding receipt of written notification that the Plaintiff filed bankruptcy and was later granted a discharge.

---

[2] Defendant received a notice of the bankruptcy filing which expressly states the name and contact information of Plaintiff's bankruptcy counsel. *See* Exhibit C.

47. Defendant violated 15 U.S.C. §§1692d and d(5) when it harassed, oppressed, and abused Plaintiff by relentlessly calling him and his acquaintances to collect on debt that was discharged through bankruptcy.

48. Defendant violated 15 U.S.C. §§1692e, (e)(2), and (10) when it misrepresented the character, amount, or legal status of the subject debt as the subject debt was not owed at the time Defendant demanded payment of the subject debt when the Plaintiff was in a bankruptcy proceeding and subsequently when the debt was discharged.

49. Defendant violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debts when it mercilessly demanded payment on the subject debt from Plaintiff, Melissa, and Colm.

50. In doing so, Defendant has shown a willful and malicious disregard to the FDCPA.

51. As pled in paragraphs 36 through 41 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

WHEREFORE, Plaintiff, TOMMY ROBISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF THE TELEPHONE
### CONSUMER PROTECTION ACT (TCPA)

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(iii).

54. Defendant violated the TCPA by placing at least 100 phones calls to Plaintiff's cell phone, for which he is charged for the call, using an automatic dialing system.

55. As pled in paragraphs 36 through 41 above, Plaintiff was harmed by Defendant's repeated collection calls, in addition to incurring increased fees associated with the use of his cellular service.

WHEREFORE, Plaintiff, TOMMY ROBISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. awarding Plaintiff damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

   c. awarding Plaintiffs treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

   d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III -- VIOLATION OF ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

56. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Plaintiff.

58. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce.

59. Defendant's demands for payment on the subject debt, which was duly scheduled in Plaintiff's bankruptcy and ultimately discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not owed at the time a demands for payments were made by Defendant.

60. Defendant intended that Plaintiff rely on its misrepresentations.

61. As pled in paragraphs 36 through 41 above, Plaintiff was harmed by Defendant's unfair and deceptive practices.

62. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, TOMMY ROBISON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Plaintiff costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 18, 2013        Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188