UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMY ROBISON | ) |
| | ) |
| | ) Case No. 1:13-cv-06717 |
| Plaintiff, | ) |
| | ) Judge Charles R. Norgle, Sr. |
| v. | ) |
| | ) |
| | ) |
| GREEN TREE SERVICING, LLC | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Plaintiff TOMMY ROBISION ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd, pursuant to Federal Rule of Civil Procedure 56, presenting this Memorandum in Support of his Motion For Summary Judgment as follows:

**INTRODUCTION**

Green Tree's harassment campaign against Plaintiff had no bounds. Not even the United State Bankruptcy laws could deter Green Tree from its relentless campaign to collect a discharged debt from Plaintiff. It is undisputed that Green Tree placed 94 phone calls to Plaintiff's cellular phone after he filed for bankruptcy protection. *See* Local Rule 56.1 Statement of Uncontested Material Facts in Support of Plaintiff's Motion for Summary Judgment ("SOF" ¶22), for a complete background on the undisputed material facts. Plaintiff alleges that each call placed to his cellular phone is a violation of the Telephone Consumer Protection Act ("TCPA"). For the reasons stated below, Plaintiff is entitled to summary judgment in his favor as to his TCPA count as every phone call placed to his cellular was a violation of the TCPA.

1

**LEGAL STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). Once the moving party has set forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 91 (1986). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion...the nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.,* 278 F.3d 693, 699 (7th Cir.2002). "In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, 2007 WL 781726, at *7 (N.D. Ill. 2007). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir.2003). Finally, the Court is "not required to draw every conceivable inference from the record." *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir.2003).

**ARGUMENT**

   **a. TCPA**

The TCPA makes it unlawful for a person to call the cellular telephone number of any person using an automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. §227(b)(1)(A)(iii). "The purpose and history of the TCPA indicate that Congress was

trying to prohibit the use of [automatic telephone dialing systems] to communicate with others by telephone in a manner that would be an invasion of privacy." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). "The best way to interpret a statute is to look to its plain language because that is the most reliable indicator of congressional intent." *U.S. v. Boyles,* 57 F.3d 535 (7th Cir. 1995). "When a statute's language is clear, the text controls the interpretation thereof." *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994).

### i. Automatic Telephone Dialing System

The TCPA defines "automatic telephone dialing system" as "equipment which has the *capacity* to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such number." 47 U.S.C. §227(a)(1).

### 1. Predictive Dialing Systems are ATDS

"A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

### ii. Consent

Although the TCPA does not define "prior express consent," Congress has delegated authority to the FCC to prescribe regulations that implement TCPA's provisions. *Olney v. Job.com, Inc.,* 2014 WL 1747674 at *4 (E.D.Cal. 2014)(citing 47 U.S.C. §227(b)(2)(f)). "Express consent is 'consent that is clearly and unmistakenably stated.'" *Satterfield*, 569 F.3d at

955 (9th Cir. 2009). "The FCC's interpretations of TCPA are controlling unless invalidated by a court of appeals." *Olney,* 2014 WL 1747674 at *4 (E.D.Cal. 2014).

Persons who knowingly release their phone numbers have in effect given their invitations or permission to be called at that number which they have given, absent instructions to the contrary. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C.R. 8752, 8769 (1992). Autodialed calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 1 (2008). In such a case, "prior express consent is granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at 10. "The creditor bears the burden of proving prior express consent." *Id.*

The TCPA does not address whether or how prior express consent to receive autodialer calls may be revoked once given. *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F.Supp.2d 962, 976 (W.D. Wisc. 2013). Judge Zagel from this district along with most courts have concluded that consent can be revoked in writing. *Sengenberger v. Credit Control Services, Inc.,* 2010 WL 1791270 at *4 (N.D. Ill. 2010), *Starkey v. Firstsource Advantage, LLC,* 2010 WL 2541756 at *5-6 (W.D. N.Y. 2010), *Cunningham v. Credit Management, L.P.*, 2010 WL 3791104 at *5 (N.D. Tex. 2010), *Moore v. Firstsource Advantage, LLC,* 2011 WL 4345703 at *11 (W.D. N.Y. 2011), *Moltz v. Firstsource Advantage, LLC,* 2011 WL 3360010 at *6 (W.D. N.Y. 2011). Other courts have concluded that consent may be revoked orally or in writing. *Gutierrez v. Barclays Group,* 2011 WL 579238 at *3-4 (S.D. Cal. 2011), *Adamcik v. Credit Control Services,* 852 F.Supp.2d 744, 748 (W.D. Tex. 2011). Finally, a minority of the courts have concluded that consent cannot

4

be revoked after it is provided. *Saunders v. NCO Financial Systems, Inc.,* 910 F.Supp.2d 464, 469-70 (E.D. N.Y. 2012), *Gager v. Dell Financial Services, LLC,* 2012 WL 1942079 at *4-5 (M.D. Pa. 2012).

### I. Plaintiff is Entitled to Summary Judgment for his TCPA Claims

#### a. Green Tree Called Plaintiff After He Revoked Consent

Green Tree placed 94 calls to Plaintiff's cellular phone between December 8, 2011 to September 7, 2012. (SOF ¶22.) All the aforementioned phone calls were placed by Green Tree *after* Plaintiff revoked his consent to be called by filing bankruptcy and *after* Green Tree had actual notice of Plaintiff's bankruptcy filing. Specifically, Green Tree's business records demonstrate that Green Tree was apprised of Plaintiff's bankruptcy as early as December 9, 2011. (SOF¶12.) Furthermore, all 94 phone calls were placed by Green Tree after its own business records stated that it does not have authority to place calls to Plaintiff. (SOF¶14.)

Green Tree received written revocation on two separate occasions by the Bankruptcy Noticing Center ("BNC"). (SOF¶¶15, 16, 19.) The first written revocation was included in the notice of Plaintiff's bankruptcy filing that conspicuously stated that phone calls to the Plaintiff are prohibited (SOF¶16.) The second written revocation was conspicuously included in the notice sent by the BNC advising Green Tree of Plaintiff's discharge. (SOF¶¶18-19.) Furthermore, Plaintiff orally revoked any consent to be called during phone conversations with Green Tree. (SOF¶24.) The record in this case firmly establishes than any prior consent provided by Plaintiff to be called on his cellular phone was unequivocally revoked.

This court should adopt the holdings in *Beal, Sengenberger, Starkey, Cunningham, Moore,* and *Moltz* and find that consent can be revoked in writing once provided. Specifically, this Court should adopt the reasoning in *Beal* that "under traditional notions of consent,

revocation is sufficient so long as the actor 'knows or has reason to now that the other is no longer willing for him to continue the particular conduct.'" *Beal,* 956 F.Supp.2d at 979 (W.D. Wisc. 2013).

Here, Plaintiff unequivocally expressed his desire that Green Tree cease its phone calls by demanding they cease the calls orally and by conspicuously surrendering the subject property to Green Tree in his bankruptcy schedules filed with the bankruptcy court, thus ending any previous business relationship with Green Tree. (SOF¶¶10, 11, 24.) Green Tree's business records clearly illustrate that Plaintiff was no longer interested in carrying on any relationship with Green Tree (SOF¶14.) Instead of exercising its sole legal remedy of foreclosing on its security interest, Green Tree attempted to annoy the Plaintiff into paying them through a 10 month harassment campaign. Holding that Green Tree's conduct was lawful under the TCPA would fly in the face of the spirit of the TCPA's goal in deterring collectors from communicating with debtors in a manner that would be an invasion of privacy. *Satterfield,* 569 F.3d at 954 (9th Cir. 2009).

### b. The Calls Made to Plaintiff Were Made Using an ATDS

Green Tree readily admits that it employs a predictive dialing system to make outgoing calls. (SOF ¶¶29-30.) Green Tree's deposition testimony and business records indicate Green Tree did not employ its predictive dialing system to place the calls to Plaintiff. (SOF¶33.) However, that does not absolve it from TCPA liability. The clear language of the TCPA "mandates that the focus must be on whether the equipment has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield*, 569 F.3d at 951 (9th Cir. 2009). "A system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it. *Id.* (emphasis

added). *See* also *Hernandez v. Collection Bureau of America, Ltd.*, 2014 WL 4922379 at *3 (C.D. Cal. 2014)(adopting *Satterfield* and finding that an interface that was unable, by itself, to make auto-dialed calls, similar to Green Tree's USCE software, was an ATDS because it had the capacity to be connected to a predictive dialing system).

Here, it is undisputed that the "click" method employed to make the calls to Plaintiff utilized the UCSE software, which can be connected to Green Tree's predictive dialing system, an ATDS, to make autodialed calls. (SOF ¶¶30-32.) Specifically, Green Tree's system manager, Roger Sparks, unequivocally testified that the UCSE software and Green Tree's predictive dialing system hardware can be connected to achieve a phone call. (SOF ¶32.) Consequently, the UCSE system used by Green Tree to carry out the "click" method is an ATDS under the TCPA because it has the "capacity" to autodial calls once connected to Green Tree's predictive dialing system. For the reasons stated above, Green Tree's 94 phone calls to Plaintiff's cellular phone were made with an ATDS and without Plaintiff's consent. Consequently, Plaintiff is entitled to summary judgment on Count II.

WHEREFORE, the Plaintiff, Tommy Robison, respectfully requests that this Honorable Court grant summary judgment in his favor for his Count II claims against Green Tree and for any other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188